# WILMERHALE

**George W. Shuster Jr.**

**BY ECF**

+1 212 937 7232
george.shuster@wilmerhale.com

July 6, 2015

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Marathon Asset Management, LP v. Wilmington Trust, N.A.*,
            Case No. 1:15-cv-04727 (AT)(AJP)

Dear Judge Torres:

I am responding for my client Marathon Asset Management, LP, on behalf of one or more managed funds and/or accounts, the plaintiff in the above-referenced action ("Marathon" and the "Action"), to the letter to the Court dated June 30, 2015 [ECF No. 17] (the "June 30 Letter"), from Jonathan Rosenberg of O'Melveny & Myers LLP for his clients Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P., the intervenor defendants in the Action (collectively the "Intervenor Defendants").

Mr. Rosenberg's letter purports only to seek a pre-motion conference and a scheduling order in this Action. But, his letter also includes detailed argument on his clients' anticipated motion to transfer venue of the Action. Marathon believes that the inclusion of this level of argument goes beyond what is called for in this Court's Individual Practices for Civil Cases and is therefore inappropriate. In any event, the position of the Intervenor Defendants as to the proper venue for this Action is misguided and incorrect.

More important for initial purposes, however, Marathon believes the Court should focus on the pending motion of Marathon to remand this Action to New York state court [ECF Nos. 14-15], where this Action was filed and rightfully belongs, or to abstain from hearing this Action. Marathon believes that the Court's decision on the pending remand and abstention issues will moot any consideration of venue transfer by this Court. *See, e.g., Bank of N.Y. v. Bank of Am.*, 861 F. Supp. 225, 227-28 (S.D.N.Y. 1994) ("Because the removal statute only allows removal of actions within the Court's original jurisdiction, . . . and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction . . . plaintiffs' contention [as to lack of federal subject matter jurisdiction on a motion to remand] must be examined before any other matter.").

Thus, while Marathon does not oppose the filing of a venue transfer motion by the Intervenor Defendants or the briefing schedule proposed by Mr. Rosenberg, Marathon does not believe the

WilmerHale

July 6, 2015
Page 2

filing, briefing, or consideration of a venue transfer motion is necessary at this time. Moreover, Marathon believes that, even if the venue motion is filed and briefed, it should not be considered until after the pending remand and abstention issues have been decided. *See, e.g., Gibraltar Trading Corp. v. PMC Specialties Grp., Inc.*, 851 F. Supp. 2d 437, 440-41 (E.D.N.Y. 2011) (considering first and granting plaintiff's motion to remand action for lack of subject matter jurisdiction and denying as moot defendant's motion to transfer venue).

As to the specific allegations set forth in Mr. Rosenberg's letter, Marathon will wait until the appropriate opportunity, in the context of its briefs, to oppose those allegations fully. For present purposes, Marathon wishes only to state that it does plan to oppose venue transfer (for, among other reasons, many of the reasons set forth in its pending motion to remand or abstain), and to correct several obvious errors in Mr. Rosenberg's allegations.

First, Mr. Rosenberg attempts to create the impression for the Court, without any admissible evidence, that Marathon is, through this Action, "seek[ing] to dictate" the outcome of the chapter 11 bankruptcy proceedings of Texas Competitive Electric Holdings Co. LLC ("TCEH"). June 30 Letter, at 1. Marathon seeks no such thing. This Action is about the interpretation of the rights as among lenders under a New York law contract. Marathon is not attempting to determine or change any obligation of TCEH to any lender or other entity, and the Action will not in any way interfere with the progress or outcome of the TCEH bankruptcy proceedings. If the TCEH bankruptcy case were to run its course and distributions were to be made by TCEH to Marathon and the Intervenor Defendants, as well as to their co-lenders, notwithstanding the pendency of this Action, the relief requested by Marathon in this Action could still be granted, through a reallocation of those distributions among the TCEH lenders. Neither TCEH nor any of its other creditors would be affected. Marathon was quite clear in its complaint in the Action (the "Complaint" or "Compl.") that the proposed chapter 11 plan of TCEH was irrelevant to this Action (*see* Complaint, at 5 n.1), and that remains the case today. *See also* Memorandum of Law in Support of Plaintiff's Motion to Remand and for Abstention [ECF No. 15], at 7.

Second, Mr. Rosenberg alleges: "Marathon concedes that this action will only ripen in the context of confirmation of a plan of reorganization that addresses the rights of the First Lien Creditors." June 30 Letter, at 1-2. Marathon concedes no such thing. In the very paragraph of its Complaint cited by Mr. Rosenberg for his erroneous statement, Marathon explained that this Action is ripe now, because the other lenders to TCEH have refused to recognize the priority rights that Marathon asserts in this Action. *See* Compl. ¶ 47. How Mr. Rosenberg could misconstrue that explanation as a concession by Marathon that this Action is not yet ripe, and that this Action will only ripen in connection with confirmation of a chapter 11 plan for TCEH, is beyond our comprehension.

Third, Mr. Rosenberg attempts to create the impression for the Court, without any admissible evidence, that the Delaware bankruptcy court is already familiar with the issues raised in this

WILMERHALE

July 6, 2015
Page 3

Action, and that all of the parties to this Action are already involved in proceedings in the Delaware bankruptcy court to which the issues in this Action may be neatly appended. *See* June 30 Letter, at 3-4. That impression is false. While Marathon has had some limited involvement in the TCEH bankruptcy proceedings in Delaware, those proceedings involve tens of billions of dollars in debt, seemingly limitless lists of parties in interest, scores of lawyers, and many debtor entities beyond TCEH. This Action, by contrast, concerns a limited set of lenders under a single New York law credit agreement pursuant to which loans were made to just one debtor entity, TCEH. Judge Sontchi in Delaware has not even come close to examining the granular New York contract issues raised in this Action. All of the parties to this Action are sophisticated financial institutions, and they and their counsel have locations in New York. Surely the correct facts for the analysis of proper venue will develop as necessary and appropriate, if and when the Intervenor Defendants' anticipated venue motion proceeds, but the unfounded allegations in Mr. Rosenberg's letter should not color this Court's initial consideration of this Action.

Regards,

/s/ George W. Shuster, Jr.

George W. Shuster, Jr.

cc:     All Counsel of Record