

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | **Times Square Tower** | SAN FRANCISCO |
| BRUSSELS | **7 Times Square** | SEOUL |
| CENTURY CITY | New York, New York  10036-6524 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE  (212) 326-2000 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (212) 326-2061 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

July 27, 2015

WRITER'S DIRECT DIAL
(212) 408-2409

**VIA ECF**

WRITER'S E-MAIL ADDRESS
jrosenberg@omm.com

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:**   *Marathon Asset Management, LP v. Wilmington Trust, N.A.*, **Case No. 1:15-cv-04727 (AT)(AJP)**

Dear Judge Torres:

We represent Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. (collectively the "Intervenor Defendants"), and respectfully submit this letter to alert the Court to Judge Englemeyer's July 23, 2015 decision in *Del. Tr. Co. v. Wilmington Tr., N.A.*, No. 1:15-cv-02883 (S.D.N.Y. July 23, 2015) ("Delaware Trust") (attached as Exhibit A).  *Delaware Trust* further supports Intervenor Defendants' arguments regarding "arising in" and "related to" federal bankruptcy jurisdiction in their opposition (Dkt. 26) to plaintiff Marathon Asset Management LP's motion to remand (Dkt. 14) and in support of their motion to transfer venue to the United States Bankruptcy Court for the District of Delaware.

In *Delaware Trust*, the indenture trustee of first lien notes issued by Texas Competitive Electric Holdings LLC ("TCEH"), the same debtor as this case, filed a breach-of-contract suit in New York State court challenging the method of allocating monthly adequate-protection payments among first lien creditors in TCEH's chapter 11 bankruptcy proceedings.  The allocation dispute concerned whether the TCEH first lien intercreditor agreement required those monthly payments to be reapportioned and calculated differently going forward based on the various debt instruments' respective interest rates.

*Delaware Trust*, like this case, involves:

- TCEH, a debtor in chapter 11 cases pending before Delaware Bankruptcy Court Judge Christopher Sontchi.

- a dispute among TCEH first lien debtholders.

O'MELVENY & MYERS LLP
Hon. Analisa Torres, July 27, 2015 - Page 2

- a disputed interpretation of the TCEH first lien intercreditor agreement.

- a removal petition under 28 U.S.C. §§ 1334, 1446, and 1452 and Federal Rule of Bankruptcy Procedure 9027, followed by plaintiff's remand motion and defendants' and intervenors' venue transfer motions.

In a 31-page opinion, Judge Engelmayer denied Delaware Trust's motion to remand and granted the defendants' motion to transfer venue of the case to the Delaware Bankruptcy Court where it could be adjudicated in connection with TCEH's bankruptcy proceedings. After easily concluding that the dispute satisfied "related to" jurisdiction, *id.* at 16–17, Judge Engelmayer further found that "arising in" jurisdiction also existed because the dispute affected several different core bankruptcy court functions, including allocation of a debtor's property among creditors, *id.* at 20–21, and plan confirmation and distributions, *id*. at 21–24. The court rejected Delaware Trust's argument that the dispute was a standalone contract dispute that would have no effect on TCEH's bankruptcy case, holding the dispute was "[f]ar from being 'independent' of the bankruptcy" and was, in fact, "intertwined with [those proceedings]." *Id.* at 22.

As in *Delaware Trust*, resolution of this case will directly affect the Delaware Bankruptcy Court's core function of overseeing distribution and allocation of property of the estate among TCEH's creditors and administering plan confirmation proceedings. Marathon, in fact, admits that resolution of this case will affect how distributions from TCEH's estate will be allocated among TCEH's first lien creditors, and that TCEH's proposed plan of reorganization is *inconsistent* with Marathon's view of its contractual rights under the Intercreditor Agreement. (Compl. ¶ 12 n.1.)[1] Marathon therefore will undoubtedly object to TCEH's plan of reorganization on grounds identical to the allegations it raises in its lawsuit here. As Judge Engelmayer noted in *Delaware Trust*, that kind of dispute "is bound up with the broader bankruptcy and plan confirmation process" and thus "arises in" a bankruptcy proceeding under 28 U.S.C. § 1334. *Id.* at 24.

Judge Engelmayer also "emphatically" concluded that discretionary abstention was inappropriate because the interests of efficiency and judicial economy strongly "disfavor atomizing [the bankruptcy] proceeding by dispatching the claims here to a court other than the [Delaware] Bankruptcy Court." *Id*. at 26. For similar reasons, and in light of the strong bankruptcy code policy favoring centralized litigation, Judge Engelmayer found venue to be proper in Delaware, notwithstanding the Intercreditor Agreement's permissive New York forum selection clause. *Id*. at 27–31. The same holds true here.

Respectfully Submitted,

/s/ Jonathan Rosenberg
*of* O'MELVENY & MYERS LLP

Attachment
cc:     All Counsel of Record (by e-mail)

---

[1] On July 23, 2015, TCEH filed an amended plan of reorganization that maintains pro rata treatment of all TCEH first lien claims.