

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SEOUL |
| CENTURY CITY | New York, New York  10036-6524 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE  (212) 326-2000 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (212) 326-2061 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

August 12, 2015

WRITER'S DIRECT DIAL
(212) 408-2409

**VIA ECF**

WRITER'S E-MAIL ADDRESS
jrosenberg@omm.com

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:   *Marathon Asset Management, LP v. Wilmington Trust, N.A.*, Case No. 1:15-cv-04727 (AT)(AJP)

Dear Judge Torres:

      We represent Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. (collectively the "Intervenor Defendants"), and respectfully submit this letter to alert the Court to Texas Competitive Electric Holdings LLC's ("TCEH") August 10, 2015 filing in the United States Bankruptcy Court for the District of Delaware of TCEH's revised plan of reorganization (attached as Exhibit A), which further supports Intervenor Defendants' arguments that federal bankruptcy jurisdiction exists over this matter and transfer to the Delaware Bankruptcy Court is appropriate.

      As in the prior filed plans of reorganization TCEH has proposed to date, the revised plan provides for *pro rata* distributions from TCEH to First Lien Creditors like plaintiff Marathon Asset Management, LP ("Marathon") and the Intervenor Defendants on account of their claims. Ex. A at 53.  The revised plan further clarifies that it shall be the exclusive mechanism for determining the respective rights of First Lien Creditors, by providing that "[f]or the avoidance of doubt" no First Lien Creditor shall have greater rights to estate distributions than any other First Lien Creditor.  *Id.*  ("[N]o Holder of TCEH First Lien Secured Claims shall have greater rights in any collateral or proceeds thereof than the rights provided to such Holder under the Plan.").  To facilitate this result, the revised plan provides that acceptance of the plan by the First Lien Creditors will operate to **amend the Intercreditor Agreement** (the document under which Marathon is asserting rights in this matter), as needed, to reflect that First Lien Creditors "shall have no existing and future rights, claims, or entitlements to receive from the Debtors or from

O'MELVENY & MYERS LLP

Hon. Analisa Torres, August 12, 2015 - Page 2

other [First Lien Creditors] any recovery . . . other than the rights provided to [the First Lien Creditors] under the Plan." *Id.* at 53–54.

In other words, the revised plan would specifically preclude Marathon from asserting (let alone enforcing) the Deposit L/C Lenders' alleged priority rights by amending the Intercreditor Agreement to eliminate the alleged contractual basis for any such claim.  Thus, to protect what it views as its alleged priority rights under that contract, Marathon will have to object to the plan, and that objection will necessarily raise the issues raised here:  whether Deposit L/C Lenders are entitled under the Intercreditor Agreement to priority distributions of certain funds from the Deposit L/C Collateral Account.  Under the Delaware Bankruptcy Court's confirmation schedule, Marathon's objection will be due no later than December 2015.[1]

The TCEH plan revisions underscore that this matter "arises in" a bankruptcy proceeding under 28 U.S.C. § 1334 because plan confirmation is a core matter, 28 U.S.C. 157(b)(2)(L), and this dispute is nearly certain to be duplicative of plan confirmation litigation.  *See* Intervenor Defs. Mem. at 8 [Dkt. 26]; Intervenor Defs. Reply at 4 [Dkt. 33].  Indeed, unless Marathon were to accept the revised plan, thereby forfeiting its claim to priority rights in the First Lien Collateral, the issues raised in this matter will be fully subsumed in plan confirmation proceedings, making proceedings outside the bankruptcy court duplicative and wasteful.  Therefore, the interests of efficiency and judicial economy, as well as the strong bankruptcy code policy favoring centralized litigation, strongly favor transferring venue of this action to the Delaware Bankruptcy Court, where Judge Sontchi can address these issues in a single forum in conjunction with plan confirmation.

Respectfully Submitted,

/s/ Jonathan Rosenberg

Jonathan Rosenberg
*of* O'MELVENY & MYERS LLP

Attachments
cc:     All Counsel of Record (by e-mail)

---

[1] Under the current confirmation schedule, objections to a contested plan are due December 2015.  No deadline has been set for objections to a consensual plan, but the confirmation trial for a consensual plan is scheduled for October 2015.  *See* Rosenberg Decl. Ex. F, Stipulation and Agreed Order Exhibit A, ¶¶ 8–9 [Dkt. 27].  Under a proposed amended confirmation schedule, filed by TCEH on August 11, 2015 (attached as Exhibit B), plan objections would be due October 16, 2015.  Ex. B at 10.