# WILMERHALE

George W. Shuster Jr.

+1 212 937 7232
george.shuster@wilmerhale.com

**BY ECF**

August 13, 2015

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Marathon Asset Management, LP v. Wilmington Trust, N.A.*,
      Case No. 1:15-cv-04727 (AT)(AJP)

Dear Judge Torres:

I am responding for my client Marathon Asset Management, LP, on behalf of one or more managed funds and/or accounts, the plaintiff in the above-referenced action ("Marathon" and the "Action"), to the letter to the Court dated August 12, 2015 [ECF No. 35] (the "August 12 Letter"), from Jonathan Rosenberg of O'Melveny & Myers LLP for his clients Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P., the intervenor defendants in the Action (collectively the "Intervenor Defendants"). The August 12 Letter and this letter relate to Marathon's motion to remand this Action to New York state court [ECF No. 14] and related filings.

As a preliminary matter, we would prefer not to have to address the Court in letters such as this, when briefing of the jurisdiction and venue dispute in this Action is complete and pending a decision by the Court on Marathon's request for oral argument, but we feel the August 12 Letter in particular requires us to reply for Marathon.

The August 12 Letter purports to describe provisions included in the Third Amended Plan of Reorganization (the "Plan") proposed by Texas Competitive Electric Holdings LLC ("TCEH"). The Intervenor Defendants allege that the Plan establishes bankruptcy jurisdiction over this Action pursuant to 28 U.S.C. § 1334. However, the August 12 Letter actually confirms the opposite.

In its initial brief, the Intervenor Defendants emphatically stated that Marathon would object to confirmation of the prior TCEH chapter 11 plan, and that, because of that anticipated objection, this Court should not remand this Action to the New York state court, but rather should transfer this Action to Delaware so that it could be subsumed within the TCEH bankruptcy case. See Intervenor Defs. Mem. at 4, 10 [ECF No. 26]. In its response, Marathon made clear that it would not be required to object to confirmation of the prior TCEH plan, because TCEH's prior plan did not and could not foreclose a stand-alone suit by Marathon against its co-lenders pursuant to a contract among those parties, where the suit would not have any effect on TCEH or its other

WILMERHALE

August 13, 2015
Page 2

creditors.  *See* Marathon Reply at 3, 4 n.3, 9, 13 [ECF. No. 30].  In obvious reply to Marathon's brief—and in an effective admission that Marathon's position was correct—the amended Plan tries to force Marathon to object to confirmation of the Plan, by stating that upon Plan confirmation, the contract among Marathon and its co-lenders would be "deemed amended" to eviscerate Marathon's rights.  Thus, the amended Plan tries to set a "jurisdictional trap" for Marathon—purporting to give Marathon the Hobson's choice of objecting in the bankruptcy court and thereby potentially consenting to bankruptcy court jurisdiction, or sitting out the bankruptcy process and potentially losing its rights by purported estoppel.  Not only is this trap an underhanded and untoward method of trying to litigate the pending jurisdiction and venue dispute in this Action, it is also ineffectual.  It is axiomatic that a court without jurisdiction cannot obtain jurisdiction solely because an entity (here, TCEH) files a pleading (that is essentially what the Plan is at this stage) purporting to establish that jurisdiction, or attempting to trap another entity into consenting to jurisdiction.  The truth remains now as it always has—Marathon should retain its rights against its co-lenders under the contract among them regardless of what the Plan or its confirmation purports to do, because the bankruptcy court lacks jurisdiction to impair those rights.

The plaintiff is the master of its complaint, and jurisdiction is measured by the face of the complaint at the time it is filed.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 390 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC*, 357 F. Supp. 2d 529, 535 (E.D.N.Y. 2004)  ("It is well-established that the well-pleaded complaint rule applies both to federal question jurisdiction under 28 U.S.C. § 1331, and to bankruptcy jurisdiction under 28 U.S.C. § 1334"); *Yangming Marine Transp. Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) ("There is no bankruptcy exception to the well-pleaded complaint rule. The relatedness, if any, of this case to a bankruptcy is visible only from the answer.").  As described in its memoranda of law in support of its motion to remand [ECF Nos. 15, 30], Marathon's complaint is a pure state-law contract dispute that does not seek to alter distributions under the Plan or affect the TCEH bankruptcy case in any way.  In an effort to force this Action into bankruptcy court, TCEH and the other Plan proponents expanded the language regarding the Plan's treatment of TCEH first lien claims so that it now seeks to preclude the independent adjudication of issues between Marathon and the other first lien lenders (all non-debtors).  These issues have no bearing on the distribution of amounts due to the first lien lenders under the Plan, and indeed that distribution mechanism remains unchanged even under the current Plan.  In all events, extrinsic factors created by gamesmanship cannot affect the Court's jurisdictional analysis.

Courts are vigilant against attempts to manufacture jurisdiction.  For example, a defendant cannot create jurisdiction by asserting defenses and counterclaims that implicate federal court jurisdiction.  *See Prop. Clerk, New York City Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 41

WilmerHale

August 13, 2015
Page 3

(S.D.N.Y. 2002) ("[L]ike a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule."). And federal statute prohibits the improper or collusive joinder of parties for purposes of invoking federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1359; *see also Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) ("We give careful scrutiny to assignments which might operate to manufacture diversity jurisdiction, the reasons for which we have made abundantly clear: 'such devices, unless controlled, can provide a simple means of expanding federal diversity jurisdiction far beyond [its] purpose.'") (internal citations and quotations omitted). The driving principle behind these rules applies equally here, a party, through its unilateral acts, cannot create jurisdiction. Accordingly, the Court should not consider the amendments to the Plan in evaluating whether it has jurisdiction over this Action.

While the propriety of the Plan amendments from a bankruptcy perspective is not an issue before this Court, the amendments, even if considered by the Court, cannot affect the Court's jurisdiction over the complaint. The new provisions cited by the Intervenor Defendants are severable from the issues raised in this Action, the amount to be distributed to the TCEH first lien lenders under the Plan, or anything else that resembles a core function of the bankruptcy court. Marathon does not believe the provisions cited by the Intervenor Defendants are essential to the reorganization. Indeed, on information and belief, the defendant and the Intervenor Defendants were parties to a restructuring support agreement early in TCEH's bankruptcy proceedings and supported a prior iteration of the Plan that contained no such language.

Because their first strategy of stating that Marathon would object to the prior TCEH chapter 11 plan proved impotent, the Intervenor Defendants have now attempted to argue that Marathon is forced Marathon to object to the amended Plan. *See* August 12 Letter, at 2 ("Marathon will have to object to the plan, and that objection will necessarily raise the issues raised here . . ."). Importantly, no objection has yet been filed, no deadline for objection has come, and jurisdiction must be measured on the status of things as they exist today, not on hypotheticals. Moreover, the nature of Marathon's objection need not necessarily address the issues raised in this Action or the distributions to be made under the Plan. Marathon may simply seek to reserve its rights in this Action rather than adjudicate the merits of this Action through the Plan confirmation process. An objection on that basis would be insufficient to give rise to "arising in" jurisdiction even if it were filed at some point in the future.

Notably, even if the Court were to determine that bankruptcy jurisdiction exists over this Action, such jurisdiction would not rise to the level of "arising-in" jurisdiction because, even considering the Plan amendments, this Action does not seek to affect a core bankruptcy function. Therefore, such a determination would not alter the conclusion for which Marathon has argued in its briefs—the Court must still abstain pursuant to 28 U.S.C. § 1334(c)(2). And even if the Court were to conclude that this Action is subject to "arising in" jurisdiction, the Court should exercise its discretion to equitably remand or abstain pursuant to 28 U.S.C. § 1334(c)(1) or 28 U.S.C. §

WILMERHALE

August 13, 2015
Page 4

1452(b) based on the attempted actions to create jurisdiction and the resulting prejudice to Marathon.

Finally and crucially, the Plan proponents' attempt at gerrymandering itself proves that jurisdiction does not in fact exist based on the face of Marathon's complaint. If it did, the Plan proponents would not be trying to amend the Plan to avoid it. *See Sealink Funding Ltd. v. Bear Stearns & Co.*, No. 12 Civ. 1397 (LTS), 2012 WL 4794450, at *2 (S.D.N.Y. Oct. 9, 2012) ("On a motion for remand, the court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff."). Indeed, the modified language, which was not included in any previous iteration of the Plan (iterations in which the Intervenor Defendants had a hand), only appeared in the Plan after Marathon's remand motion was fully briefed. Marathon suspects, and should be allowed discovery to confirm prior to any determination by the Court that takes the Plan amendments into account, that the Intervenor Defendants were among the key Plan proponents involved in the Plan amendments they point to in the August 12 Letter. Marathon believes that such discovery would expose the Intervenor Defendants' underhanded strategy to create bankruptcy jurisdiction, having realized they are on the losing end of the pending jurisdiction and venue disputes.

Regards,

/s/ George W. Shuster, Jr.

George W. Shuster, Jr.

cc:     All Counsel of Record