

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SEOUL |
| CENTURY CITY | New York, New York  10036-6524 | SHANGHAI |
| HONG KONG | TELEPHONE  (212) 326-2000 | SILICON VALLEY |
| LONDON | FACSIMILE  (212) 326-2061 | SINGAPORE |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

September 29, 2015

WRITER'S DIRECT DIAL
(212) 408-2409

**BY ECF**

WRITER'S E-MAIL ADDRESS
jrosenberg@omm.com

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Marathon Asset Management, LP v. Wilmington Trust, N.A.*, Case No. 1:15-cv-04727 (AT)(AJP)

Dear Judge Torres:

     We represent Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. (collectively the "Intervenor Defendants").  We respectfully submit this letter in response to Marathon Asset Management, LP's September 22, 2015 letter alerting the Court to the Fourth Amended Plan of Reorganization of TCEH[1] and its affiliated debtors (the "Fourth Amended Plan" or "Plan").[2]

     Marathon contends that Judge Engelmayer's decision in *Del. Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500 (S.D.N.Y. 2015), has been proved erroneous because the Fourth Amended Plan provides for resolving the substantive Delaware Trust Action dispute as an adversary proceeding governed by Federal Rule of Bankruptcy Proceeding 7001 et seq. (the "Delaware Adversary Proceeding"), rather than as a plan objection.  Marathon's argument is specious:  the post-transfer Delaware Trust Action proceedings underscore the wisdom of Judge Engelmayer's decision.  The Delaware Adversary Proceeding is the product of a consensual agreement that the matter will be heard in the same court, by the same judge (Judge Sontchi) who would have resolved the Delaware Trust Action (as well as other issues arising in and

---

[1] Unless otherwise defined herein, capitalized terms have the definitions ascribed to them in the Appendices of Defined Terms attached to the Intervenor Defendants' Motion to Transfer Venue [ECF No. 26] and Reply in Further Support of Their Motion to Transfer Venue.  [ECF No. 33.]

[2] Intervenor Defendants note that on September 21, 2015, the Debtors filed a Fifth Amended Plan of Reorganization. The Fifth Amended Plan does not alter the treatment of the Delaware Trust Action from how it was treated in the Fourth Amended Plan.

O'MELVENY & MYERS LLP

Hon. Analisa Torres, September 29, 2015 - Page 2

relating to the TCEH bankruptcy) if it were still styled as a confirmation objection. And Marathon fails to mention in its letter that the Delaware Adversary Proceeding has been scheduled by stipulated Court-approved order to be fully briefed (on an expedited basis) immediately in advance of the plan confirmation hearings.[3] That expedited schedule (which also requests oral argument in advance of plan confirmation hearings) was required in the Plan Support Agreement ("PSA")[4]—executed by the Debtors and First Lien Creditors (among others) in support of the Fourth Amended Plan—precisely because resolving the underlying dispute may allocate substantial value between and among the Debtors' creditors and affect Plan distributions. *See* PSA § 4.5. This provision of the PSA thus reflects the implicit recognition of its signatories, including TCEH and a substantial number of holders of TCEH first lien debt, that the outcome of the Delaware Trust Action will affect TCEH's emergence from bankruptcy and is intertwined with the Bankruptcy Proceedings, even though it will be resolved as an adversary proceeding. Put simply, the way the Delaware Adversary Proceeding has been scheduled "could set[] the table for a determination regarding plan distributions," just as Judge Engelmayer envisioned when he found both "arising in" and "related to" federal jurisdiction. *Del. Trust Co.*, 534 B.R. at 513.

Thus, far from undermining Judge Engelmayer's decision, the stipulated scheduling and procedural developments reflected in the Fourth Amended Plan are fully consistent with his reasoning. This matter, too, should remain in federal court and be transferred to the Delaware Bankruptcy Court for similar coordination with the TCEH Chapter 11 case.

Thank you for your attention to this correspondence.

Respectfully Submitted,

/s/ Jonathan Rosenberg

Jonathan Rosenberg
Partner
of O'MELVENY & MYERS LLP

JR

cc:   All Counsel of Record

---

[3] A copy of the Order Approving Stipulation to Establish Pleading and Briefing Deadlines setting forth the pleading and briefing deadlines is attached to this letter as Exhibit A.

[4] A copy of the PSA is attached to this letter as Exhibit B. Due to their volume, the exhibits to the PSA are not included in the attachment.